RECEIVED
LAKE CHARLES, LA
DEC 16 2008
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHEILA SMITH | : | DOCKET NO. 2:06 CV 947 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine, [doc. 24], filed by the plaintiff Sheila Smith. The United States has filed an Opposition [doc. 47]. Ms. Smith seeks to exclude four categories of information at her bench trial set for January 20, 2009.[1] This Court shall address each in turn.

### A.) Collateral Source Payments

Ms. Smith seeks to exclude evidence of collateral source payments of medical bills and/or social security disability benefits pursuant to Fed. R. Ev. 409, which provides that "[e]vidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury." Ms. Smith argues that the collateral source rule prevents a tortfeasor from reducing an injured plaintiff's tort recovery by monies the plaintiff received from independent sources. The Government agrees that evidence of a collateral source can be excluded when it pertains to medical expenses.

---

[1] Ms. Smith also seeks to exclude the expert report and testimony of Stephen Killingsworth. Because the plaintiff has filed a separate *Daubert* motion to exclude the expert report and testimony of Stephen Killingsworth, [doc. 23], this Court shall not consider the issue here.

1

A Louisiana plaintiff's tort recovery is not diminished by the amount of benefits he receives from collateral sources to which the tortfeasor does not contribute. *Allen v. State*, 535 So.2d 903, 913 (La. App. 2 Cir. 1998). In another case, a Louisiana court declined to reduce an award of damages for social security payments, noting that "is well settled that the wrongdoer is not entitled to have the damages for loss of earnings and loss of earning power reduced by compensation or pension payments paid to the injured party from a collateral source to which the wrongdoer does not contribute." *Doerle v. State Through Dept. of Highways*, 147 So.2d 776, 782 (La. App. 1962). Accordingly, evidence on medical payments and social security disability payments shall be excluded.

### B.) Failure to Wear Seatbelt

Ms. Smith also seeks to exclude evidence that she does not recall wearing a seatbelt during the accident. La. Rev. Stat. Ann. § 32:295.1(E) provides:

> In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.

The Government argues that, although the statute precludes admissibility as a measure of comparative fault, the fact that Ms. Smith does not recall wearing a seat belt is admissible to "demonstrate a lack of care and concern for the rules of the road, which goes to the heart of the Defendant's case in this matter." Because La. Rev. Stat. Ann. § 32:295.1(E) excludes evidence of the failure to wear a safety belt in "any action to recover damages arising out of the...operation of a motor vehicle," evidence that Ms. Smith does not recall wearing a seatbelt during the accident is excluded.

### C.) Compromise of Any Claim With Private Insurance Carriers

Ms. Smith seeks to exclude evidence that she has compromised this claim with private insurance carriers. She argues that Fed. R. Ev. 408 provides that evidence of a compromise is not admissible to prove liability for or invalidity of a claim or its amount. The Government opposes, stating that it would agree with Ms. Smith if those compromises were made without prejudice or without admission of liability. Evidence of a settlement between a plaintiff and third party is not admissible.

### D.) No Contest Plea on Ticket

Ms. Smith also seeks to exclude evidence of her no contest plea to a ticket under Fed. R. Ev. 410. The Government does not oppose. Accordingly, evidence of Ms. Smith's no contest plea is excluded.

### CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Ms. Smith's Motion in Limine [doc. 24] is hereby GRANTED, and evidence on collateral source payments, whether Ms. Smith was wearing a seatbelt, any compromise with private insurance carriers, and Ms. Smith's no contest plea on her ticket is hereby EXCLUDED.

Lake Charles, Louisiana, this \_\_5\_\_ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE