RECEIVED
IN LAKE CHARLES, LA
DEC 1 6 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHEILA SMITH | : | DOCKET NO. 2:06 CV 947 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a *Daubert* Motion to exclude the plaintiff's accident reconstructionist, Dr. James, filed by the United States [doc. 30]. The plaintiff, Sheila Smith, has filed an Opposition [doc. 48].

## FEDERAL RULE OF EVIDENCE 702

Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court tasked the federal district courts with a gatekeeper function to keep unreliable expert testimony out of evidence. 509 U.S. 579, 589 (1993). The party seeking to introduce the expert's testimony must prove by a preponderance of the evidence that the expert is qualified, the testimony is reliable, and that the testimony is

1

relevant. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

The *Daubert* Court articulated a non-exclusive and non-dispositive checklist for federal district courts to use when assessing the reliability of expert testimony. *Id.* This gate-keeping function extends to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial judges have "considerable leeway in...determining whether particular expert testimony is reliable." *Id.* at 155. "Both the determination of reliability and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed. R. Evid. 702." *Munoz v. Orr*, 200 F.3d 291, 301-02 (5th Cir. 2000).

The first prong of *Daubert* "focuses on whether the expert testimony is based on a reliable methodology...." *Daubert*, 509 U.S. at 595. "[T]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable. This requires some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276.

Pursuant to the second prong of *Daubert*, testimony must be "relevant not simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact at issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." Fed. R. Ev. 702 advisory committee's note; *see also Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249 (5th Cir. 2002).

2

## ANALYSIS

Having reviewed Dr. James' credentials, this Court finds that he is qualified to testify as an expert in accident reconstruction. Dr. James has his Ph.D. in Civil Engineering, has performed accident reconstruction in over 1,980 cases from 1975 until the present, has experience with vehicle crash testing with the Texas Transportation Institute, has taught courses on accident reconstruction, and has published numerous articles on accident reconstruction.[1] The Government's primary contention in this motion arises under *Daubert*'s second prong; namely, that Dr. James' testimony is not relevant because it will not assist the trier of fact to determine facts in issue. The Government asserts that Dr. James "cherry picks" certain facts to support his version of the accident, and "discarded all the other testimony that did not support his version."

This Court finds that Dr. James considered the various factual scenarios and reached a different conclusion than the Government based on competing facts. Dr. James considered the accident report, the accident scene, the military police report, digital photographs, his own inspections of the Mustang and the Humvee involved in the accident, as well as the deposition testimony of Michael Smith, Rusty P. Manuel, Charles Ratcliff, Shiela Smith, Matthew Phillips, Michael Smith, and Daniel Blake Ellis, and interrogatories when making his accident reconstruction calculations.[2]

As the Fifth Circuit made clear in *Pipitone*, "It bears reminding that 'the trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' Rather, as *Daubert* makes clear, '[v]igorous cross-examination, presentation of contrary evidence,

---

[1] Pl.'s Ex. A, Ex. 1 (Dr. James Curriculum Vitae).

[2] Pl.'s Ex. A (Dr. James Dep.), pp. 16-21, 24-31, 67-69; Pl.'s Ex. B.

3

and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" 288 F.3d at 250 (internal citations omitted). Having considered the parties' briefs and the deposition testimony of Dr. James, this Court finds that his expert opinions are based on sufficient facts and that the adversary system can address the Government's concerns about Dr. James accepting one version of facts over another; accordingly,

IT IS ORDERED that the Government's *Daubert* Motion [doc. 30] is hereby DENIED.

Lake Charles, Louisiana, this 15 day of Oct, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE